UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY PHILLIPS, | CASE NO. 4:10 CV 1466 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| RODDING RUSHING, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

Pro se petitioner Anthony Phillips filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.). He alleges the Bureau of Prisons (BOP) acted arbitrarily when it denied him sentencing credit after completing its literacy program. For the reasons set forth below, this action is dismissed without prejudice.

*Background*

Petitioner pleaded guilty to a drug offense in the United States District Court for the Southern District of New York. He was sentenced to an undisclosed term of imprisonment on January 31, 2007.

The facts in the complaint are brief. Mr. Phillips claims the BOP failed to follow 18 U.S.C. §3624(b)(1) and 28 C.F.R. § 544.70. He claims he is entitled to additional Good Conduct Time (GCT) because he successfully completed a literacy program. The BOP allegedly denied him this GCT by adding additional requirements that are not contained in the BOP's program statement.

Mr. Phillips believes he does not have to exhaust his administrative remedies. He asserts he has no genuine opportunity for adequate relief and that the process would be futile. Petitioner claims the "lengthy administrative process would extend easily beyond my schedule [sic] release."[1] (Pet. at 4.)

## *28 U.S.C. § 2241*
## *Exhaustion*

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. Fazzini v. Northeast Ohio Correctional Center, 473 F.3d 229, 231 (6th Cir.2006). Petitioner asserts he should be excused from the exhaustion requirement because it would take too long. The Sixth Circuit has recognized that the habeas exhaustion requirement is not without exception and that a prisoner may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks. Id. at 236; Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982).

Here, Mr. Phillips has neither established that his administrative remedies would be futile, or that the BOP is unable to afford him the relief he seeks. As the Sixth Circuit has noted, "[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." Urbina v. Thoms, 270 F.3d

---

[1] The BOP website indicates Petitioner's scheduled release date is April 3, 2013. See www.bop.gov

2

292, 295 n. 1 (6th Cir.2001) (quoting Taylor v. United States, 62 F.3d 1418 (6th Cir.1995)). Nothing in the record indicates that it would be futile for Petitioner to pursue his administrative remedies or that those remedies cannot afford him the relief he requests. See Goar, 688 F.2d at 28-29. This failure alone requires dismissal of the instant petition. See Campbell v. Barron, No. 03-5955, 2004 WL 291180 (6th Cir. Feb. 12, 2004). Accordingly, this petition is dismissed without prejudice for failing to exhaust administrative remedies.

*Conclusion*

Based on the foregoing, Mr. Phillips's Motion to Proceed in forma pauperis is granted and this petition is dismissed without prejudice for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 12/1/10*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).